[relates to Docket Items 7 and 8]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BERNARD MENKEVICH | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 08-5033 (JBS/JS) |
| v. | |
| DELTA TOOLS, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

This matter is before the Court on two motions for remand, one filed by Plaintiff Bernard Menkevich ("Plaintiff") [Docket Item 7] and one filed by Defendant Hill Phoenix Refrigeration ("Defendant Hill") [Docket Item 8]. THIS COURT FINDS AS FOLLOWS:

1. Defendant Delta Tools ("Defendant Delta") removed this products liability and negligence action, originally filed in the Superior Court of New Jersey, Burlington County, to this Court pursuant to 28 U.S.C. § 1441, without consent from Defendant Hill.

2. On August 1, 2008, Plaintiff filed his Complaint in the Superior Court of New Jersey, Burlington County, Law Division. (Def. Hill Ex. A.) On September 12, 2008, Plaintiff sent a copy of the Summons and Complaint in this action to Defendant Hill via certified and regular mail, which Defendant Hill accepted on September 16, 2008. (Def. Hill Exs. B & D.) On September 25,

2008, Plaintiff filed an Amended Complaint.  (Def. Hill Ex. D.)

3.  At some point before October 10, 2008, counsel for Defendant Delta contacted counsel for Defendant Hill and asked if Defendant Hill would join in a petition for removal.  (Def. Delta Pet. for Removal ¶ 16.)  On October 10, 2008, counsel for Defendant Hill informed counsel for Defendant Delta that Defendant Hill would not consent to removal.  (Id. ¶ 17.)  On October 11, 2008, Defendant Delta filed its petition for removal, alleging diversity jurisdiction under 28 U.S.C. § 1332(c)(1) and asserting that joinder in removal was not necessary, because "upon information and belief" Defendant Hill had not been properly served.  (Id. ¶¶ 13-22.)  As of October 11, 2008, Defendant Hill had neither entered an appearance nor answered the Complaint or Amended Complaint in state court.

4.  On October 20, 2008, Defendant Hill attempted to file an Answer in state court, but that Answer was returned by the Clerk of the Superior Court informing Defendant Hill that the case had been sent to federal court.  (Def. Hill Ex. E.)  On October 29, 2008, Defendant Hill answered Plaintiff's Amended Complaint in this Court [Docket Item 5].  On November 6th and 7th, 2008, Plaintiff and Defendant Hill, respectively, filed the instant motions to remand.

5.  Defendant Hill and Plaintiff contend that remand is necessary because Defendant Hill did not join in the removal

petition as required by 28 U.S.C. § 1446(a).  Defendant Delta responds that under <u>Lewis v. Rego Co.</u>, 757 F.2d 66, 68 (3d Cir. 1985), there is an exception to the so-called "unanimity rule" when "a non-resident defendant has not been served at the time the removing defendants file their petition."  Defendant Delta maintains that under New Jersey Court Rule 4:4-4, Defendant Hill was not properly served and so Defendant Delta did not have to include Defendant Hill in his petition for removal.

6.  The Court agrees that Defendant Hill was not properly served at the time Defendant Delta filed its petition for removal.  Under New Jersey law, where a plaintiff serves a defendant via mail, rather than personal service, that service is complete "only if the defendant answers the complaint or otherwise appears in response thereto."  N.J. Ct. R. 4:4-4(c).  When Defendant Delta filed its petition to remove, Defendant Hill had not yet answered Plaintiff's Complaint or entered an appearance.  Delta was free to seek removal without Defendant Hill's consent.  <u>Lewis</u>, 757 F.2d at 68; see <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344 (1999) (formal service required to start removal period).

7.  Nevertheless, Defendant Hill has since entered and appearance and filed an answer and may seek remand pursuant to 28 U.S.C. § 1448, which reads:

> In all cases removed from any State court to any district court of the United States in which any

3

>one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.
>
>This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case.

Thus, a defendant who had not been served in state proceedings may move to remand once service is complete in federal court. Murphy Bros., 526 U.S. at 355 n.6; Lewis, 757 F.2d at 69; Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1268 (5th Cir. 1988). "Indeed, if a removal petition is filed by a served defendant and another defendant is served after the case is thus removed, the latter defendant may still either accept the removal or exercise its right to choose the state forum by making a motion to remand." Getty Oil, 841 F.2d at 1268. A served defendant may not, by simply winning the race to the courthouse, avoid the requirement that all defendants consent to removal. See Lewis, 757 F.2d at 69.

    8.   The Court will grant Defendant Hill's timely motion to remand, 28 U.S.C. § 1447(c) (motion to remand must be filed within 30 days after filing of notice of removal), and return this action to the Superior Court of Burlington County. See Royce Corp. v. Royal Ins. Co. of Am., Inc., No. 05-1220, 2005 WL 2461180 (D. Ariz. 2002) (granting defendant's timely motion to

remand where removal was granted before defendant was served in state court); <u>Schmude v. Sheahan</u>, 198 F. Supp. 2d 964, 968 (N.D. Ill. 2002).[1]

    9.   The accompanying Order will be entered.


**April 27, 2009**                                    **s/ Jerome B. Simandle**
Date                                                          JEROME B. SIMANDLE
                                                      United States District Judge

---

[1] Having granted Defendant Hill's motion to remand, Plaintiff's motion to remand is moot and the Court will not address the arguments raised therein.